United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIZZIE E. BROWN,

    Plaintiff,

    v.

FAMILY RADIO, INC., et al.,

    Defendants.

_____/

No. C 13-5305 PJH

**ORDER GRANTING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Before the court is the motion of pro se plaintiff Lizzie E. Brown for leave to file a motion for reconsideration of a portion of the court's January 16, 2014 order granting defendants' motion to dismiss. Defendants filed a statement of non-opposition to the motion. The motion is GRANTED, as follows, and the court construes the arguments made in the motion as those supporting the request for reconsideration.

Plaintiff is a 76-year-old African-American woman, who was formerly employed by defendant Family Radio, Inc. ("Family Radio") and was laid off on September 20, 2012. On October 8, 2013, plaintiff filed the present action in Alameda County Superior Court, alleging age discrimination in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-5 (which the court interpreted as a claim under the ADEA), and race and religious discrimination, also under Title VII. She also alleged claims of breach of contract and breach of the implied covenant, and unlawful termination in violation of public policy. Named as defendants were Family Radio, its former head Harold Camping (now

deceased) and its manager Tom Evans.

Plaintiff did not attach the right-to-sue letters to the complaint, and did not clarify that she had filed charges with both DFEH and the EEOC, and did not assert any state-law discrimination claims. On November 11, 2013, defendants removed the case to this court, and on November 21, 2013, filed a motion to dismiss.

In ruling on the motion, the court dismissed the claims against Mr. Camping and Mr. Evans, with prejudice, dismissed the contract claims with prejudice, and dismissed the discrimination claims with leave to amend. The court noted, however, that the ADEA authorizes a claim for age discrimination only where age is the but-for cause of the alleged discrimination. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009). Thus, the court ruled that plaintiff would be required to allege either that she was terminated based on her age, or that she was terminated based on her race and/or religion, and that whichever she alleged, she would also be required to plead facts sufficient to state a plausible claim that she was discriminated against by Family Stations. The court also ordered that any amended complaint must have the right-to-sue notice(s) attached. The court set a deadline of February 12, 2014 for plaintiff to file the amended complaint.

On February 6, 2013, plaintiff filed the present motion, arguing that reconsideration is warranted because Gross's application is limited to a plaintiff's burden of persuasion, and does not preclude a plaintiff from pleading alternative or inconsistent theories (both the ADEA and Title VII as a basis for the discrimination claim(s).

In support, plaintiff cited Brazill v. California Northstate Coll. of Pharmacy, LLC, 904 F.Supp. 2d 1047 (E.D. Cal. 2012), a decision holding that Gross's application is limited to a plaintiff's burden of persuasion and does not preclude a plaintiff from pleading alternate theories for an adverse employment action. See id. at 1051-52 (citing Fagan v. U.S. Carpet Installation, Inc., 770 F.Supp. 2d 490, 495 (E.D.N.Y. 2011) (after Gross a plaintiff is not required to plead that age discrimination is the "but for" cause of his termination); Prisco v. Methodist Hosp., 2011 WL 1288678, at *3-4 (E.D. Pa. Apr. 4, 2011); (Gross does not prevent a plaintiff from asserting multiple discrimination claims in the same action); Ries v.

2

Winona Cnty., 2010 WL 3515722, at *10 (D. Minn. July 28, 2010) (Gross "was not a case involving the sufficiency of an ADEA complaint" and does not preclude plaintiffs bringing ADEA claims from pleading alternate theories of relief); Cartee v. Wilbur Smith Assocs., Inc., 2010 WL 1052082, at *3-4 (D.S.C. Mar. 22, 2010) (Gross is not applicable to a judgment on the pleadings)). On February 11, 2014, defendants filed a statement of non-opposition to the motion.

Plaintiff filed a first amended complaint ("FAC") on February 20, 2014, asserting that she filed a charge of discrimination with the EEOC on September 19, 2012, alleging discrimination on the basis of religion. She also asserts that she filed a charge with DFEH on September 26, 2012, alleging discrimination on the basis of race; that the DFEH charge was cross-filed with the EEOC on October 9, 2012; and that she received a right-to-sue letter from DFEH dated November 15, 2012, and a right-to-sue letter from the EEOC dated August 8, 2013. She does not say whether she filed an administrative charge alleging discrimination on the basis of age.

While it is true that the decisions cited by plaintiff do hold that a plaintiff may plead age discrimination under the ADEA "in the alternative," the matter appears less settled than plaintiff's motion suggests. Other courts have held that a plaintiff alleging a violation of the ADEA must allege that age was the "but-for" cause of the adverse action. See, e.g., Jeter v. Hozhoni Found., 2013 WL 4431096 at *3 (D. Ariz. Aug. 16, 2013).

More significantly, numerous courts have acknowledged that the federal rules allow pleading "in the alternative," but have also concluded that while it may not be necessary that a plaintiff alleging discrimination under the ADEA plead but-for causation as such, it is necessary that the plaintiff allege sufficient facts to make plausible the conclusion that "but for" his/her age, the plaintiff would still be employed. See, e.g., Lewis v. Detroit Public Schools, 2013 WL 5785781 at *12-14 (E.D. Mich. Sept. 23, 2013); (citing Smith v. CH2M Hill, 521 Fed. Appx. 773, 774-75, 2013 WL 2450833 at *1 (11th Cir. June 5, 2013) (in alleging that his termination was "substantially motivated" by age, the plaintiff had not "allege[d] sufficient facts" to allow the court to "reasonably infer that [his employers]

3

violated the but-for standard set forth in the ADEA"); Payne v. Malemathew, 2011 WL 3043920, at *2 (S.D.N.Y. July 22, 2011) (under Gross, a plaintiff "need not plead but-for causation, but an ADEA complaint must contain sufficient facts to make plausible the conclusion that but for his age, [p]laintiff would still be employed"); Goodridge v. Siemens Energy, Inc., 276 F.R.D. 540, 542 (N.D. Ala. 2011) ("after Gross (and Twombly and Iqbal), a plaintiff who brings a claim under the ADEA must allege facts sufficient to support a reasonable inference that age was the 'but for' cause of the adverse employment action challenged under that claim"); Roginsky v. County of Suffolk, N.Y., 729 F.Supp. 2d 561, 568-69 (E.D.N.Y. 2010) (what is required after Gross is that "the complaint contain sufficient facts to make plausible the conclusion that 'but for' his age [p]laintiff would still be employed)).

Accordingly, the court GRANTS the motion for reconsideration to this extent: Paragraph 4 of the January 16, 2014 order (Order at 2:7-16) is DELETED, and the following paragraph is inserted in its place:

> The claims of discrimination on the basis of age, race, and religion are DISMISSED for failure to allege facts sufficient to state a claim. The dismissal is with leave to amend. The ADEA authorizes a claim for age discrimination only where age is the but-for cause of the alleged discrimination. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009). Accordingly, if plaintiff alleges a claim of age discrimination under the ADEA, she must plead facts that are sufficient to state a plausible claim that but-for the alleged age discrimination, she would still be employed by Family Radio. Whether she alleges discrimination based on age, race, or religion, she must plead facts sufficient to state a plausible claim that she was discriminated against by her employer Family Stations.

In addition, if plaintiff opts to file a second amended complaint that includes a claim of age discrimination, she must allege facts showing that she filed an administrative charge of discrimination based on age, and must attach copies of the administrative charges that she describes in the FAC. "No civil action may be commenced by an individual under [the ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d); see also Sommatino v. United States, 255 F.3d 704, 709 (9th Cir. 2001) ("substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite); Sanchez v. Pacific

4

Powder Co., 147 F.3d 1097, 1099 (9th Cir. 1998) ("[t]he ADEA requires a person to file a charge with the EEOC before initiating a civil action for age discrimination").

No later than April 2, 2014, plaintiff shall either file a second amended complaint, or advise the court that she wishes to proceed on the first amended complaint.

**IT IS SO ORDERED.**

Dated: February 28, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge