United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIZZIE E. BROWN,

    Plaintiff,

v.

FAMILY STATIONS, INC.,

    Defendant.

Case No. 13-cv-05305-VC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 30

In her Second Amended Complaint, Plaintiff Lizzie Brown claims that Defendant Family Stations, Inc. fired her because of her age, race, and/or religion in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment Act of 1967 ("ADEA"), and California's Fair Employment and Housing Act ("FEHA"). (Docket No. 28). Brown alleges that despite her outstanding work performance, Family Stations terminated her because she has a pension, which Brown contends was used as a proxy for her age. She also alleges Family Stations terminated her because she is African-American and because she is not a member of the Fellowship Church. Family Stations moves to dismiss, arguing that Brown has failed to allege sufficient facts to state a plausible claim.[1] (Docket No. 30). The motion is GRANTED.

## DISCUSSION

The only factual basis Brown alleges for her race discrimination claim is that there were non African-American employees whose households receive pension income who were not laid off. (*See* Compl. ¶¶ 27, 32). A plaintiff may support an inference of race discrimination by alleging that "similarly situated individuals" of another race were treated more favorably. *See Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). Brown, however, has alleged no facts that would demonstrate that the employees who were not discharged were

---

[1] Initially, Family Stations also argued that Brown's religious discrimination claim must be dismissed for failure to exhaust administrative remedies. (Mot. to Dismiss 7). Family Stations has withdrawn this argument. (Reply 6-7).

1  similarly situated to her.  She has not alleged, for example, that they held a similar job or engaged
2  in similar conduct, or that they were similar to her in any other material way.  *See Vasquez v. Cnty.*
3  *of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003).  She fails, therefore, to allege a plausible race
4  discrimination claim.  *See Hawn*, 615 F.3d at 1156-57; *cf. Hilber v. Int'l Lining Tech.*, No. C 12-
5  00003 LB, 2012 WL 1831558, at *3 (N.D. Cal. May 18, 2012) (dismissing a race discrimination
6  claim where the plaintiff failed to allege "that he had a similar job or responsibilities . . . or that he
7  possessed similar training and experience" to employees he alleged were treated more favorably
8  than him).

9  Brown's claim of religious discrimination fails for the same reason.  This claim relies
10  primarily on allegations that employees who were members of the "Fellowship Church" were
11  spared termination.  (*See, e.g.*, Compl. ¶ 26).  But the complaint contains no allegations about
12  whether these employees were similarly situated to Brown.  Brown does allege that during the
13  meeting at which she was informed that she was being laid off, she "was led to belief [sic] that," in
14  addition to her pension, "the other reason for her termination was that she did not attend the
15  Fellowship Church."  (Compl. ¶ 23 (internal quotation marks omitted)).  But she does not provide
16  any allegations regarding the factual basis for that belief.  Without "further factual enhancement,"
17  Brown's complaint does not "permit the [C]ourt to infer more than the mere possibility of
18  misconduct."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks
19  omitted).

20  With respect to her age discrimination claim, Brown alleges that during the meeting at
21  which she was informed of her termination, "the reason given . . . was that she had a pension."
22  (Compl. ¶ 22).  Although neither the ADEA nor the FEHA prohibits discrimination based on
23  pension status itself, where an employer "targets employees with a particular pension status on the
24  assumption that these employees are likely to be older," the employer discriminates on the basis of
25  age.  *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 612 (1993).  Here, however, Brown has
26  alleged no facts that would indicate that Family Stations relied on pension status as "a proxy for
27  age," *id.* at 613.  Furthermore, Brown alleges that other employees receiving pensions were not
28  laid off,  (Compl. ¶¶ 26-27, 30), which undercuts the allegation that Family Stations used pension

status as a proxy for age. Brown has therefore not pleaded a plausible age discrimination claim. At the May 29, 2014 motion hearing, Brown's counsel could not identify any allegation that could be added to the complaint to make this claim plausible. It is therefore dismissed with prejudice. *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.").

## CONCLUSION

For the reasons explained above, the Second Amended Complaint is DISMISSED. Brown is given leave to amend her race and religious discrimination claims. Her age discrimination claim is dismissed with prejudice. If she wishes to do so, Brown must file an amended complaint within 30 days of this Order. Otherwise, this case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 30, 2014

_____
VINCE CHHABRIA
United States District Judge

3